IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| F. DYANN MCDOWELL, et al., : | |
| : | |
| Plaintiff, : | Case No. 2:23-cv-02860 |
| : | |
| v. : | Judge Algenon L. Marbley |
| : | |
| THE BOARD OF TRUSTEES FOR : | Magistrate Judge Kimberly A. Jolson |
| PERRY TOWNSHIP, STARK COUNTY, : | |
| OHIO, et al., : | |
| Defendants. : | |

**OPINION & ORDER**

This matter is before this Court on Plaintiff's Motion to Dismiss All Federal Claims and Remand Case to State Court ("Motion"). (ECF No. 46). For the reasons set forth below, the Motion is **GRANTED in part and DENIED in part**.

I.        **BACKGROUND**

In August 2023, Plaintiffs F. Dyann McDowell ("McDowell") and Training Marbles, Inc. ("TMI") filed a complaint in the Court of Common Pleas in Franklin County, Ohio. (ECF No. 2). The case arises from Defendant Perry Township entering into a service agreement to retain TMI to conduct a human resources assessment. (*Id*. ¶ 17). Allegedly, before the assessment there were concerns that Defendant Michael T Pomesky, former Perry Township Chief of Police, retaliated against others. (*Id*. ¶ 23).

During the assessment, McDowell interviewed Perry Township employees, and some allegedly expressed concerns about potential retaliation by Pomesky if the employee participated in the interview. (*Id*. ¶¶ 22, 24). Plaintiffs state McDowell notified Perry Township of her concerns about Pomesky, and Perry Township signed an agreement for TMI to investigate Pomesky. (*Id*. ¶¶ 31, 32). McDowell told Pomesky she was notified that a LEADS, a confidential system used by

1

law enforcement to run checks on people, was pulled on her. (ECF No. 34 at 13–14).  Pomesky claims he felt obligated to investigate because unauthorized inquiries lead to terminations, suspensions, and felony charges. (ECF No. 32 at 154, 168–69). The investigation was marked as non-criminal. (ECF Nos. 2 ¶ 45; 35 at 7).

Pomesky continued the investigation on McDowell, concluded McDowell's report was false, and took his complaints to the local prosecutor who found probable cause existed for falsification and obstruction of justice. (ECF Nos. 2 ¶¶ 45, 46; 35 at 7). Pomesky's investigation led to charges against McDowell for misdemeanor falsification and obstructing official business and an arrest warrant for McDowell's arrest on August 10, 2022. (ECF Nos. 2 ¶ 51). McDowell turned herself in and spent 36 hours incarcerated at the Franklin County Corrections Center. (*Id*. ¶ 66). The charges were eventually dismissed in McDowell's favor. (*Id*. ¶ 53).  McDowell was released on August 12, 2022. (*Id*. ¶ 68).

On August 16, 2022, Pomesky was allegedly placed on administrative leave in part because of McDowell's arrest. (*Id*. ¶69). Pomesky remained on leave until his employment was terminated by the Perry Township police in October 2022.  (*Id*. ¶ 71).

Plaintiffs bring eleven claims against Defendants the Board of Trustees for Perry Township and Pomesky. The claims are for false arrest under § 1983 and Ohio law and malicious prosecution under § 1983. Plaintiffs also bring the "alternate" claim of abuse of process against Pomesky. Other state law claims include a claim for intimidation , intentional infliction of emotional distress, negligent retention/supervision, breach of contracts, civil liabilities for criminal acts under Ohio law, and *Monell* claims. (ECF No. 2).

The case was removed by Defendant Pomesky on September 5, 2023, for federal question jurisdiction. (ECF No. 1). On September 25, 2023, Defendants moved to transfer venue to the

2

Northern District of Ohio. (ECF No. 9). Plaintiffs opposed and the motion was denied. (ECF Nos. 13; 18).

A Preliminary pretrial order was entered making discovery due by March 29, 2024, and dispositive motions due by April 26, 2024. ( ECF No. 12). On March 7, 2024, Pomesky filed a joint motion for extension which was granted and pushed the discovery deadline to May 29, 2024, and dispositive motions deadline to June 28, 2024. (ECF Nos. 20; 21). On June 27, 2024, another joint motion to extend dispositive motion deadlines was filed and granted. (ECF Nos. 26; 27). The dispositive motion deadline was set for July 12, 2024. (ECF No. 27).

On July 12, 2024, Defendants filed their motions for summary judgment. (ECF Nos. 30; 33; 35). Plaintiffs requested extensions of time to respond with the latest deadline being August 30, 2024. (ECF Nos. 39; 44).

On August 28, 2024, Plaintiffs filed the Motion, requesting dismissal of the federal claims and remand. (ECF No. 2). The claims Plaintiffs seek to dismiss are:

- Claim One for False Arrest under 42 U.S.C. § 1983;
- Claim Three for Malicious Prosecution under 42 U.S.C. § 1983; and
- Claim Eleven seeking to hold Defendant The Board of Trustees for Perry Township, Stark, County, Ohio liable for Claim One and Claim Three under *Monell* and 42 U.S.C. § 1983.

(ECF No. 46-1). Only Defendant Pomesky opposed the Motion. (ECF No. 51).

## II. STANDARD OF REVIEW

Plaintiffs seek voluntary dismissal of the federal claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." It is within the court's "sound discretion" to grant a Rule 41(a)(2) motion for a voluntary dismissal. *Walther*

*v. Fla. Tile, Inc.*, 776 F. App'x 310, 315 (6th Cir. 2019) (citing *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). The Sixth Circuit finds that "[t]he primary purpose of Rule 41(a)(2)'s requirement of a court order is to protect the nonmovant from unfair treatment." *Id*. Unless the order granting dismissal states otherwise, such a dismissal is without prejudice. F. R. Civ. P. 41(a)(2).

Dismissal without prejudice is appropriate unless "the defendant would suffer plain legal prejudice . . . as opposed to facing the mere prospect of a second lawsuit." *Walther*, 776 F. App'x at 315 (quoting *Grover*, 33 F.3d at 718). To determine whether the defendant will suffer legal prejudice as a result of dismissal without prejudice, a court should consider: (1) how much effort and expense the defendant has expended in the matter; (2) any lack of diligence on the plaintiff's part in prosecuting the case; (3) whether the plaintiff has given sufficient explanation of her need to take a dismissal; and (4) whether the defendant has moved for summary judgment (the "*Grover*" factors"). *Id*.

Provided a district court has "dismissed all claims over which it had original jurisdiction" it "may decline to exercise supplemental jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 694 (6th Cir. 2017) (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.,* 89 F.3d 1244, 1254–1255 (6th Cir.1996)).

### III.    LAW & ANALYSIS
#### A.  Dismissal of Federal Claims

As an initial matter, the Sixth Circuit has recognized that the scope of Rule 41 is "unclear." *Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003). In *Letherer*, the court found that

4

"Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'" *Id*. (quoting *Philip Carey Mfg. Co. v. Taylor,* 286 F.2d 782 (6th Cir.)). That said, the court in *Baker v. City of Detroit*, 217 F. App'x 491 (6th Cir. 2007), found that an amendment pursuant to Rule 15 is the appropriate way to dispose of fewer than all claims and noted that "it is not unusual for motions styled as Rule 41 motions or motions to dismiss to be construed as Rule 15 motions for leave to amend." 217 F. App'x at 496–97 (quoting *Mgmt. Investors,* 610 F.2d at 394–95).

Also, unlike Rule 41(a)'s dismissal of an "action," Rule 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. Many courts construe motions for voluntary dismissal of individual defendants or individual claims as a motion to dismiss under Rule 21. *See, e.g., id. Eng. v. Equifax Info. Servs., LLC*, No. 1:24-cv-240, 2024 WL 3581052, at *1 (S.D. Ohio July 30, 2024) ("Instead, Federal Rule of Civil Procedure 21 is the proper vehicle for dismissing some—but not all —claims or parties."); *Wilkerson v. Brakebill*, No. 3:15-cv-435, 2017 WL 401212, at *2 (E.D. Tenn. Jan. 30, 2017) ("Thus, the Court finds it appropriate to apply Rule 21 in this matter, where plaintiffs move to voluntarily dismiss one of several claims."); *Griesmar v. City of Stow, Ohio*, No. 5:20-CV-01356, 2021 WL 2581563, at *3 (N.D. Ohio June 23, 2021), *aff'd*, No. 22-3151, 2022 WL 17581658 (6th Cir. Dec. 12, 2022) ("To dismiss fewer than all claims or parties from an action falls to Rule 21."); *Bernard v. City of Cleveland*, No. 1:21-cv-1103, 2022 WL 4367655, at *1  (N.D. Ohio Sep. 21, 2022) ("To dismiss fewer than all claims or parties from an action falls to Rule 21."); *Mills v. Cvitkovich*, No. 3:23-CV-280, 2024 WL 4452278, at *1 (S.D. Ohio Oct. 9, 2024)("A plaintiff seeking to dismiss only one defendant from

5

an action must move the Court to do so under Rule 21.") (quoting *Sheet Metal Workers' Nat'l Pension Fund Bd. of Trs. v. Courtad, Inc.*, No. 5:12-cv-7238, 2013 WL 3893556, at *4 (N.D. Ohio July 26, 2013)); *Ledbetter v. Schottenstein Prop. Grp., LLC*, No. 2:20-CV-1037, 2023 WL 8649895, at *1 (S.D. Ohio Dec. 14, 2023) (analyzing a 41(a)(2) motion to dismiss individual claims as a motion under Rule 21).

Due to the different approaches to construing Rule 41(a)(2) motions to dismiss individual claims, Plaintiffs' Motion to Dismiss will be construed as both a Rule 21 motion and a Rule 15 motion *seriatim*.

1. Rule 15 Amendment

Because the Motion only involves dismissal of claims, not parties, this Court finds applying Rule 15(a) more compelling. *Compare Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003) (characterizing a partial dismissal of parties as a motion under Rule 21 rather than Rule 41); *with Mgmt. Investors*, 610 F.2d 384, 394 (6th Cir. 1979) (finding a Rule 15 amendment to the complaint rather than a Rule 41 motion is proper when seeking to dismiss some, but not all, claims).

Under Rule 15(a), after the defendant has filed a responsive pleading, a plaintiff may only amend its complaint by leave of court or with the written consent of the defendant. Fed. R. Civ. P. 15(a). Courts "freely give leave when justice so requires." *Id*. In determining whether to permit amendment, courts consider undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice, and futility of amendment. *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Sixth Circuit has noted that the "Circuit manifests 'liberality in allowing amendments to a complaint.'" *Id*. (quoting *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015)). Further,

when the scheduling order deadline to amend without leave has passed, a plaintiff must first show good cause under Fed. R. Civ. P. 16(b) for failing to abide by the scheduling order deadline before the court will consider whether amendment is proper under Fed. R. Civ. P. 15(a). *Korn v. Paul Revere Life Ins.*, 382 F. App'x 443, 449 (6th Cir. 2010). In determining whether the "good cause" standard is met, the district court must consider whether the amendment will prejudice the party opposing it. *Id.*

Plaintiffs have sufficiently shown a lack of prejudice and established good cause to amend the complaint. Indeed, discovery is over, and summary judgment motions have been file. Courts generally hold that "allowing amendment months after the close of discovery and after dispositive motions were filed and briefed" results in "significant prejudice" to the defendant. *See Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018). The "significant prejudice," however, is due in part to adding a claim or a new defendant. *See, e.g.*, *Siegner v. Twp. of Salem*, 654 F. App'x 223, 228–29 (6th Cir. 2016) (finding amendment after discovery and dispositive motion deadline passed was significant prejudice when the plaintiff was long aware of additional claim for the amended complaint). Courts note that this is because "allowing new claims 'quite different' from the original claims can result in significant prejudice to the defendants because of the need to reopen discovery and to raise new defenses." *Armatas v. Haws*, No. 21-3190, 2021 WL 5356028, at *4 (6th Cir. Nov. 17, 2021) (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

The Motion here involves dismissing claims rather than adding claims or defendants. Plaintiffs' motion is based on pleading in the alternative: rather than continue to pursue both federal and state law claims, Plaintiffs have decided to pursue the abuse of process claim and request the dismissal of the inconsistent federal claims. (ECF No. 46 at 3). Further, the federal

7

claims Plaintiffs seek to dismiss from the complaint arise from the same facts as the state law claims that Plaintiffs wish to continue pursuing. Allowing an amended complaint to dismiss the claims will only remove the federal basis for Plaintiffs' relief, it will not result in prejudice. *See, e.g.*, *Satterwhite v. Ashtabula Cnty. Metroparks*, 514 F. Supp. 3d 1014, 1023 (N.D. Ohio 2021) (finding no prejudice where "state law claim arises from the same set of facts as [the plaintiff's] federal claim and will not require any more discovery on [the [defendant]'s part than its existing discovery obligations. Further, it is not clear that adding . . . a named defendant would require significantly more discovery on [defendant]'s part.").

This Court also finds an amendment may be granted here when considering any undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, and futility of amendment. Nothing suggests Plaintiffs were the cause of considerable delay or exercised any lack of diligence. Upon review of transcripts and depositions, Plaintiffs made this Motion to conserve further resources. Plaintiffs have not made any other amendments, and, Plaintiff is not adding any new claims, so futility is not at question.

This Court finds Plaintiffs' Motion to Dismiss, when construed as a Rule 15 motion to amend, should be granted. As noted, however, courts have also construed 41(a)(2) motions to dismiss individual claims as Rule 21 motions. This Court finds it prudent to also analyze Plaintiffs' Motion as a Rule 21 motion to dismiss and finds the result is the same.

2. *Dismissal Under Rule 21*

Courts recognize that "[a]lthough Rule 21 expressly concerns 'severing' claims. . . Rule 21 gives the Court discretion to both sever and dismiss claims 'on just terms.'" *Nutter v. Fam. Dollar Stores of Ohio, LLC*, No. 4:23-CV-1985, 2023 WL 9051700, at *2 (N.D. Ohio Dec. 28, 2023) (quoting *Dix v. Atos IT Sols. & Servs. Inc.*, No. 1:18-cv-275, 2021 WL 1165762, at *4 (S.D. Ohio

Mar. 25, 2021)). "The permissive language of Rule 21 permits the district court broad discretion in determining whether or not actions should be severed." *Parchman*, 896 F.3d at 733 (quoting *Johnson v. Advanced Bionics, LLC*, No. 2:08-CV-02376-JPM, 2011 WL 1323883, at *6 (W.D. Tenn. Apr. 4, 2011)). Courts consider several factors when determining whether to sever claims, including:

> (1) whether the claims arise out of the same transaction or occurrence;
>
> (2) whether the claims present some common questions of law or fact;
>
> (3) whether settlement of the claims or judicial economy would be facilitated;
>
> (4) whether prejudice would be avoided if severance were granted; and
>
> (5) whether different witnesses and documentary proof are required for separate claims.

The first, second, and fifth factors weigh against granting Plaintiffs' Motion to dismiss the federal claims. The federal claims and state law claims involve the same underlying facts and common questions of law. The federal claims are § 1983 claims of false arrest and malicious prosecution and *Monell* liability. The state law claims are similarly for false arrest and abuse of prosecution. (ECF No. 2).

Nonetheless, the third and fourth factors weigh heavily in favor of granting the Motion. Judicial economy would be facilitated, as Plaintiffs complaint is pled in the alternative. Pomesky recognizes this in his Motion for Summary Judgment, arguing "McDowell's own allegations eliminate her abuse of process claim. McDowell alleges that Chief Pomesky caused her to be arrested 'without probable cause'" which is "inconsistent with showing an essential element of an abuse of process claim—that the legal proceeding was initiated with probable cause." (ECF No. at 22–23). Plaintiffs recognized the strength of the state law abuse of process claim over the federal claims and requests that this Court dismiss the federal claims rather than adjudicating them. This

Court has noted that, generally, "alternative claims would need to be dismissed after a favorable finding on . . . non-alternative claims because the alternative claims could not exist alongside the non-alternative claims." *Stewart v. Martin*, No. 3:21-CV-89, 2024 WL 278175, at *4 (S.D. Ohio Jan. 25, 2024) (quoting *Buckeye Recyclers v. CHEP USA*, 228 F. Supp. 2d 818, 823 (S.D. Ohio 2002). In the interest of conserving party and judicial resources of continuing to adjudicate alternative claims, Plaintiffs are voluntarily dismissing them and this Court does not find sufficient reason to deny the request.

Now, this Court must address the fourth factor, prejudice. Courts recognize that "[a]lthough Rule 21 expressly concerns 'severing' claims. . . Rule 21 gives the Court discretion to both sever and dismiss claims 'on just terms.'" *Nutter*, 2023 WL 9051700, at *2 (quoting *Dix*, 2021 WL 1165762, at *4). Applying Rule 41(a) or Rule 21 is thus a distinction without a difference because "when evaluating a motion for dismissal under Rule 21, courts should consider Rule 41 standards as guidance for analyzing potential prejudice to the non-movants." *Stewart*, 2024 WL 1540401, at *3 (quoting *Murray Enery Corp. v. Cassidy, Cogan, Chappel, and Voegelin L.C.*, No. 2:18-cv-440, 2020 WL 4201666, at *2 (S.D. Ohio July. 22, 2020)); *Nutter*, 2023 WL 9051700, at *1; *Dix*, 2021 WL 1165762, at *4 n.4 ("[T]the Court's recognition that Rule 41 standards may apply to Rule 21 dismissals is not novel.").

This Court, thus, must turn to the four *Grover* factors used to determine whether the defendant will suffer legal prejudice as a result of dismissal without prejudice.

### a. Defendant's Effort and Expense

The first factor, the extent of Pomesky's effort and expense here, weighs in Plaintiffs' favor. Pomesky argued that, at the time of his Opposition, the case had been going on for almost fourteen months, parties completed extensive discovery, parties engaged in mediation and motion

10

practice, and the case was transferred from state court once. (ECF No. 51 at 4). While this is true, Plaintiffs do not seek to dismiss all claims.

When considering the effort and expense of the defendant, it is notable that "the prejudice inquiry under 41(a)(2) is designed to protect defendants who have put considerable time and effort into defending a case, only to have the plaintiff pull the rug out from under them by voluntarily dismissing the action." When applying Rule 21, this is less of a concern as the whole action will not be dismissed. As Pomesky identifies, only two of the nine claims against him will be dismissed. (ECF No. 51 at 3). Majority of the effort and expense will not be wasted. As a result, this factor favors granting Plaintiffs' Motion.

### b. Plaintiffs' Delay or Lack of Diligence

As to the second factor, the record does not suggest any delay or lack of diligence by Plaintiffs in prosecuting this case. Pomesky argues that Plaintiffs excessively delayed seeking dismissal and notes that Plaintiffs' motion was filed after two extensions to respond to the motions for summary judgment. (ECF No. 51 at 4–5). This cannot by itself show lack of diligence in prosecuting the case.

Parties demonstrating excessive delay, for example, fail to comply with court orders or deadlines. *See e.g.*, *Maldonado v. Thomas M. Cooley L. Sch.*, 65 F. App'x 955, 957 (6th Cir. 2003) (finding that the *Grover* factors weighed heavily against a plaintiff who failed to appear to a court ordered deposition, the last discovery matter before summary judgment); *Smith v. Marten Transp. Ltd.*, No. 219CV02135TLPDKV, 2020 WL 4284805, at *3 (W.D. Tenn. July 27, 2020) (finding excessive delay and lack of diligence when Plaintiff did not timely comply with court orders).

In *Maldonado*, the Sixth Circuit held the factors weighed heavily against granting the voluntary dismissal motion when discovery had closed, except for a deposition. *Maldonado*, 65 F.

App'x at 957. The plaintiff was ordered but failed to appear at the deposition. *Id*. at 956. The court noted "[t]he defendants were almost certain to move for summary judgment after [the] deposition was taken." *Id*. at 957. The court also noted that the plaintiff waited until after judgment on the pleadings were filed to request dismissal with a convoluted explanation for the request. (*Id*.). In *Smith*, the plaintiff conceded to failing to comply with any of the Court's orders and blamed the plaintiff's local counsel. The court found the argument unconvincing and weighed this factor against the plaintiff. *Smith*, 2020 WL 4284805, at *1 –*3.

In contrast, courts may weigh this factor in favor of a plaintiff when nothing suggests that the plaintiff has not been diligent in pursuing claims. For example, the Sixth Circuit affirmed a district court's finding that the delay or lack of diligence factor did not weigh against plaintiffs when "plaintiffs had not been dilatory in responding to defendants' motions for summary judgment, in engaging in discovery, or in preparing their case. The district court noted that because discovery would largely be transferable to the Connecticut action, plaintiffs' delay in filing the motion to dismiss did not sufficiently prejudice defendant to preclude dismissal." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007); *see*, *e.g.*, *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 952 (6th Cir. 2009) (affirming finding the delay or lack of diligence factor did not weigh against the plaintiff when "neither side has covered themselves in glory when requesting and responding to discovery. Both sides could have acted quicker and spent less in prosecuting and defending these cases. Therefore, neither party has convinced the Magistrate Judge who is to blame for any delay."); *King v. Chase*, No. 219CV02658JPMDKV, 2020 WL 8838089, at *3 (W.D. Tenn. Aug. 19, 2020 ("Plaintiff did not fail to engage in discovery or delay the progress of the case.")

In the case *sub judice*, nothing on the record suggests excessive delay or lack of diligence on part of Plaintiffs. This case was removed to this Court in September 2023. (ECF No. 1). On July 12, 2024, Defendants filed their motions for summary judgment. (ECF Nos. 30; 33; 35). Plaintiffs requested extensions of time to respond extended the deadline to August 30, 2024. (ECF Nos. 39; 44). Plaintiffs filed the Motion on August 28, 2024. (ECF No. 46). The longer delay however, has been the discovery and dispositive motions. The preliminary pretrial order was entered, and discovery was due by March 29, 2024, and dispositive motions due by April 26, 2024. (ECF No. 12). Pomesky filed two joint motions for extension which were granted. (ECF Nos. 20; 26). Discovery was pushed to May 29, 2024, and dispositive motions by July 12, 2024. (ECF Nos. 21; 27).

There is no evidence, and defendants do not argue, that leading up to this Motion, Plaintiffs have been "dilatory in responding[,] . . . in engaging in discovery, or in preparing their case. *Rosenthal*, 217 F. App'x at 502. Furter, this motion only pertains to three of the eleven claims. This court does not find the additional time it took for Plaintiffs to file the Motion to prejudice defendant to preclude dismissal. The excessive delay or lack of diligence factor, thus, weighs in favor of Plaintiffs.

         c. *Explanation for Dismissal*

Turning to the third factor, this Court finds Plaintiffs have given sufficient explanation of the need to take dismissal. Plaintiffs explain seeking dismissal of the federal claims due to their complaint pleading in the alternative. The federal claims and the abuse of process claims are inconsistent. Plaintiffs prefer to focus on its strongest claims, the state law claims, and realized the need to take this approach after reviewing transcripts of recent depositions. (ECF No. 46 at 3).

Pomesky maintains this explanation is insufficient and Plaintiffs' Motion is an attempt at forum-shopping. (ECF No. 51 at 3). Pomesky argues Plaintiffs seek dismissal to avoid binding precedent impacting Plaintiffs' abuse of process claim. (*Id*.). Indeed, courts find plain legal prejudice exists "where dismissal results in stripping a defendant of an absolute defense." *Rosenthal*, 217 F. App'x at 500. Further, "[a]t the point when the law clearly dictates a result for the defendant, it is unfair to subject [the defendant] to continued exposure to potential liability by dismissing the case without prejudice." *Id*. (quoting *Grover*, 33 F.3d at 719).

Pomesky's argument about Plaintiffs' attempt to avoid legal precedent for the abuse of process claim is irrelevant for the 41(a)(2) analysis. Plaintiff does not seek to dismiss the abuse of process claim. Plaintiffs seek to dismiss their inconsistent claims and continue with litigation. This is a sufficient explanation for the request for dismissal and weighs in favor of Plaintiffs.

### d. Whether Motions for Summary Judgment Were Filed

As for the fourth and final factor, the existence of a pending motion for summary judgment is a factor for consideration, but its existence does not necessitate a finding of plain legal prejudice. *Rosenthal*, 217 F. App'x at 502. Here, Defendants have filed motions for summary judgment, but briefing on those motions are stayed pending this Court's resolution of this Motion. Thus, response and reply briefing have not been filed and an oral argument has not taken place. This Court finds this factor weighing slightly against Plaintiffs.

Dismissal without prejudice under Rule 41(a)(2) and Rule 21 is appropriate unless Defendants suffer plain legal prejudice. The *Grover* factors to determine whether there is legal prejudice favor granting Plaintiffs' Motion. Indeed, Defendants filed motions for summary judgment (ECF Nos. 30, 33, 35), but the effort and expense of Defendants will not go to waste as only three claims will be dismissed, and Plaintiffs' goal is to continue litigating the remaining

claims. Plaintiffs have also shown no lack of diligence in prosecuting the case. Further, Plaintiffs' explanation for requesting a dismissal of the federal claims is sufficient: because of pleading in the alternative and realizing after discovery that the inconsistent claims are weak, Plaintiffs seek to dismiss those claims and pursue the strongest claims. This conserves this Court's and the parties' resources.

The Motion to Dismiss the federal claims is **GRANTED.**

### B. Remand of State Claims

Plaintiffs also request that this Court remand all the remaining state law claims. (ECF No. 46 at 4). In support of this request, Plaintiffs reference the Sixth Circuit precedent that "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (quoting *Musson Theatrical, Inc.*, 89 F.3d at 1254–55). Also, this Court notes that "an amendment excising all federal claims divests a court of supplemental jurisdiction over the remaining state claims" so the case must be remanded. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 33 (2025). Pomesky opposes remand, arguing that this Court still has original jurisdiction. (ECF No. 51 at 5).

In one of the remaining state law claims, claim ten, Plaintiffs allege civil liability for criminal acts under O.R.C. § 2307.60. Specifically, the complaint lists the criminal acts alleged are in violation of: O.R.C. § 2905.12 (coercion); O.R.C. § 2921.45 (interfering with civil rights); and O.R.C. § 2951.52 (using sham legal process). (ECF No. 2 ¶¶ 136–40). Pomesky urges this court to find it has original jurisdiction since claim ten, in part, relies on violations of constitutional civil rights pursuant to O.R.C. § 2921.45. Under O.R.C. § 2921.45(A): "No public servant, under color of the public servant's office, employment, or authority, shall knowingly deprive, or conspire

15

or attempt to deprive any person of a constitutional or statutory right." Pomesky's concern is that litigating this claim is essentially litigating the § 1983 claims dismissed by this Court. (ECF No. 51 at 3–4).

Plaintiffs' claim for civil liability for criminal acts including violation of civil rights involves a federal question. Federal district courts have "original jurisdiction" over cases presenting a federal question and occurs in "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This jurisdiction may also include "state-law claims alone, because one or more of them 'necessarily raise[s]' a 'substantial' and 'actually disputed' federal question. *Royal Canin*, 604 U.*S.* at 26 (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)). Rather than argue claim ten is not covered by this Courts original jurisdiction, Plaintiffs argue they do not "intend" to base claim ten on violation of federal civil rights. (ECF No. 52 at 2). This "intention," however, is not enough to divest this Court's original jurisdiction.

Regardless of Plaintiffs' current intention, "the determination of jurisdiction is based only on the allegations in the plaintiff 's 'well-pleaded complaint'. . . . That longstanding rule makes the complaint—the plaintiff 's own claims and allegations—the key to 'arising under' jurisdiction." *Id*. at 26; *see, e.g.*, *Majeske v. Bay City Bd. of Educ.*, 177 F. Supp. 2d 666, 671 (E.D. Mich. 2001) (noting a federal court lacks jurisdiction where state law claim raising federal question is based on alternate state-and federal-law theories even though "[t]he plaintiff avowed an intention to state a separate claim . . . under both the [state] and United States Constitutions" because "[u]nder the well-pleaded complaint rule, the plaintiff has stated a claim 'arising under' the laws of the United States . . . .").

16

Accordingly, this Court finds inapplicable the discretion to "decline to exercise supplemental jurisdiction" because it has not "dismissed all claims over which it had original jurisdiction." 28 U.S.C. § 1367(c)(3). The motion to remand is thus **DENIED.**

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion (ECF No. 46) is **GRANTED in part and DENIED in part**. The Motion is granted as to the request for voluntary dismissal. The following claims are hereby **DISMISSED**:

- Claim One for False Arrest under 42 U.S.C. § 1983;
- Claim Three for Malicious Prosecution under 42 U.S.C. § 1983; and
- Claim Eleven seeking to hold Defendant The Board of Trustees for Perry Township, Stark, County, Ohio liable for Claim One and Claim Three under *Monell* and 42 U.S.C. § 1983.

The Motion is denied as to the request to remand the remaining claims. This Court granted a motion to stay briefing on motions for summary judgment pending the resolution of Plaintiffs' Motion. (ECF No. 48). Thus, the stay is **LIFTED**. To allow Defendants a chance to make any desired updates, the current Motions for Summary Judgment are **DENIED as moot** (ECF Nos. 30; 33; 35). Parties may refile or file a new/updated motion by no later than **March 21, 2025.** Response briefs are due by **April 4, 2025**, and reply briefs is due by **April 11, 2025.**

**IT IS SO ORDERED.**

                                                                        **ALGENON L. MARBLEY**
                                                                       **UNITED STATES DISTRICT JUDGE**

**DATE: March 11, 2025**